IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-218 |
| | ) | |
| EUGENE BRANTLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, detained at the Charles B. Webster Detention Center in Augusta, Georgia, when he commenced this case, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  After filing the case, Petitioner submitted a change of address indicating he had moved to the Charlotte County Jail in Punta Gorda, Florida.  (Doc. no. 6.) Upon consideration, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

## I.      Background

When Petitioner commenced the case, he explained he was currently being held by state authorities in Georgia for extradition proceedings.  (See doc. no. 1, p. 1.)  He challenged his extradition to Florida based on an allegedly defective capias / Governor's warrant.  (Id. at 2, 6.)  In particular, Petitioner raises four grounds for relief:  (1) he is not a fugitive from justice, (2) the capias / Governor's warrant is facially defective for various reasons, (3) he has experienced deliberate indifference, medical negligence, physical abuse, and sexual assault

while detained in the Charles B. Webster Detention Center, and (4) the time for Florida to take custody of Petitioner has expired.  (Id. at 6-7.)  For relief, Petitioner seeks immediate release from custody.  (Id. at 7.)

In response to the form question inquiring into earlier challenges of the decision or action, Petitioner lists three entries, filed in both state and federal court.  (Id. at 2-3.)  This list of three cases does not match the six cases Petitioner previously disclosed in one of the identified federal cases, Martinson v. Brantley, CV 125-065, doc. no. 11 (S.D. Ga. Apr. 11, 2025) (listing six prior challenges).[1]  The issues identified by Petitioner as having been previously raised include:  due process violations, cruel and usual conditions of confinement, Petitioner is not a fugitive from justice, the capias/ Governor's warrant are defective and fail to charge a crime, expiration of time, and double jeopardy violations.  (Doc. no. 1, pp. 2-3.)  A district court in the Middle District of Florida has already rejected Petitioner's double jeopardy challenge to the writ of capias about which he now complains.  See Martinson v. Whittle, CV 124-235, doc. no. 8, Ex. A (S.D. Ga. Jan. 27, 2025).

Moreover, despite submitting a change of address, because of Petitioner's lengthy filing history in the Southern District of Georgia, the Court is aware that the Charlotte County Jail address does not appear to be valid.  See Martinson v. Daniels, CV 125-220, doc. nos. 11, 17 (S.D. Ga. Nov. 3  & Dec. 29, 2025) (documenting returned mail from Charlotte County Jail, last known address for Petitioner, as "not at this facility").

---

[1]A court may take judicial notice of its own records.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

## II.    Discussion

Setting aside Petitioner's successive attempts to challenge his extradition to Florida, often on the same grounds that have already been rejected,[2] as well as his improper attempts to challenge his conditions of confinement in a habeas corpus case,[3] the case should be dismissed because Petitioner's is no longer in Respondent's custody, and the Court has no way to communicate with Petitioner.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Petitioner's failure to keep the Court informed of his address saddles the Court with a stagnant case in which no communication with Petitioner seems possible.

---

[2]"A § 2241 petition filed by a state prisoner is subject to the bar on second and successive petitions contained in § 2244(b)." Johnson v. Warden, Ga. Diagnostic and Classification Prison, 805 F.3d 1317, 1323 (11th Cir. 2015) (per curiam).

[3]Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Indeed, the Court has no way to communicate with Petitioner to clarify the type of case he intended to pursue or provide him with an opportunity to cure his pleading deficiencies depending on the type of case he may have intended to file.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Petitioner sought permission to proceed *in forma pauperis* and no portion of the filing fee has been paid.  Therefore, dismissal for want of prosecution is appropriate.

**III.    Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice.  Because this case is due to be dismissed, the Court further **REPORTS** and **RECOMMENDS** Petitioner's motion for appointment of counsel, motion for preliminary injunction, and motion to proceed *in forma pauperis*, (doc. nos. 3, 4, 5), be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 4th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4